*Judge Lane
delivered the opinion of the court:
The statute having provided a mode for estimating damages, *36 in cases of this description, and thus given a legal remedy both for original action and for revision of it, before the courts of law, chancery has no jurisdiction upon that question.
The present claim for relief is not to' be sustained upon the mere ground that the corporation have transcended or abused their corporate powers. Such abuses are ordinarily to be corrected by proceedings in quo warranto, prosecuted by the government, in which the interposition of individuals is not countenanced.. 2 Johns. Ch. 371.
The great recent increase of private corporations has led courts of chancery into an enlarging jurisdiction over them, and it is now well settled that injunctions will be granted to prevent the abuse of their powers to the injury of others. These corporate powers are multifarious and of great extent. It has been justly said : “Nothing would be more pernicious than to hold that such large and extensive powers are not subject to any control. The corporation are not to be prevented from doing anything necessary to the prosecution of their undertaking; but are not to prosecute it so as to do unnecessary injury to others.” Coats v. Clarence Railroad Company, 1 Russell & Mylne, 181; S. C., 4 Eng. Cond. Ch. 379; 2 Story Eq. 206.
The cases which justify the interference of a court of chancery should be those of clear, incontestable, well-defined right. When acts requiring judgment, science, and professional skill are confided to the discretion of the officers of a corporation, the exercise of that discretion will not bo lightly disturbed.
In this case the complainant has sustained no injury except from the transit of the road through his land, an easement to •which all land in the state is subject; but which he claims to impose upon his neighbors’ land, because it lies- in the direct line from Tiffin to Lower Sandusky. The selection of a route for the the road necessarily involves, to some extent, a discretionary power. Where this power has been exercised, as in this case, within the appointed termini of the road, and within the general scope of the authority conferred on the corporation, this court will not assume to settle what degree of propinquity the line of location should bear to Lower Sandusky, especially at the instance of a stranger to that question.
Bill dismissed.